**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RALPH MALONE,**

    **Plaintiff,**

v.                                     Case No.:

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

_____/

## NOTICE OF REMOVAL

Please take notice that in accordance with 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant DOLLAR TREE STORES, INC., by and through undersigned counsel, hereby removes to this Court the following action, currently pending in the Circuit Court in and for Manatee County, Florida: *Ralph Malone v. Dollar Tree Stores, Inc.*, Case No. 2016-CA-3504. As grounds for removal of this action, Defendant states as follows:

1. On or about July 29, 2016, Plaintiff Ralph Malone filed a Complaint and Demand for Jury Trial against Defendant in the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida. In accordance with 28 U.S.C. § 1446(a), a copy of the entire state court file is attached hereto as Exhibit A.

2. The above-styled action arises from an alleged accident that occurred on March 4, 2016 in Manatee County, Florida. Specifically, Plaintiff alleges that he slipped on a substance that he identified as liquid laundry detergent on the floor and fell at the Dollar Tree Store located at 1170 8th Avenue West in Palmetto, Florida. Plaintiff is now suing Defendant for negligence, claiming that he was injured "in and about his body and extremities; incurred

medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff . . . will sustain said loss in the future" [Comp. ¶ 10].

3. This Court has original jurisdiction over the above-styled action under 28 U.S.C. 1441(a).

4. Removal of the above-styled action is proper under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

5. Plaintiff served Defendant with the Complaint on September 16, 2016.

6. Since fewer than thirty (30) days have passed since this date of service, this Notice of Removal is timely filed under 28 U.S.C. 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), Defendant served Plaintiff with a Notice of Filing of Notice of Removal, filed contemporaneously in the Circuit Court for Manatee County, Case No. 2016-CA-3504. A copy of this Notice of Filing is attached hereto as Exhibit B.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

8. In order to determine diversity jurisdiction, this Court must examine the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

9. Plaintiff is a resident of Manatee County, Florida. [Comp. ¶ 2].

10. "There is a presumption that the state in which a person resides is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355 (M.D. Fla. 2001). Furthermore, a party's domicile determines his citizenship for the purpose of establishing diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Since Plaintiff is a resident of Manatee County, Florida, there is a presumption that he is also a citizen of Florida.

11. Dollar Tree Stores, Inc. is a Virginia corporation whose headquarters are also located in Virginia. A copy of the current registration page for this entity with the Florida Secretary of State is attached hereto as Exhibit C.

12. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332 (c)(1).

13. For the purpose of 28 U.S.C. § 1332 (c)(1), "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).

14. The corporate officers for Dollar Tree Stores, Inc. direct, control, and coordinate the corporation's activities from Defendant's headquarters, located at 500 Volvo Parkway, in Chesapeake, Virginia.

15. Consequently, for purposes of diversity jurisdiction, Dollar Tree Stores, Inc. is a citizen of the State of Virginia.

16. For all of the foregoing reasons, Plaintiff is a citizen of Florida, and the Defendant in this action—Dollar Tree Stores, Inc.—is a citizen of Virginia. Thus, complete diversity of citizenship exists between the parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. In his Complaint, Plaintiff claims that his damages exceed $15,000, exclusive of interest, court costs, and attorney's fees. [Comp. ¶ 1].

18. Under Fla. Stat. §§ 34.01(1)(c) and 26.012(2)(a), Florida Circuit Courts have original jurisdiction of civil actions not cognizable in the County Courts, to wit, actions in which claimed damages exceed $15,000. Thus, Plaintiff's assertion identifying his damages as exceeding $15,000 in value is purely jurisdictional in nature.

19. While Plaintiff does not plead the amount of damages that he is seeking with specificity, he claims that he was injured "in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff . . . will sustain said loss in the future" [Comp. ¶ 10].

20. When damages are not specified in the original state court Complaint, a defendant seeking removal must prove by a preponderance of the evidence that "the amount

of controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(citations omitted).

21. However, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

22. In determining the amount in controversy, this Court should first look to the Complaint. If the amount of damages cannot be ascertained from the face of the Complaint, this Court may consider the Notice of Removal, along with all other "evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

23. In determining whether diversity jurisdiction exists, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" based on the allegations of the parties and any other evidence that has been submitted. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

24. This Court need not "suspend reality or shelve common sense in determining whether the face of the Complaint . . . establishes the jurisdictional amount." As the Eleventh Circuit has explained, "viewing the facts through the lens of common sense is not star gazing." *Id.* at 770.

25. Furthermore, Plaintiff cannot attempt to defeat federal jurisdiction by drafting his pleadings in so vague a manner that his Complaint fails to give any indication of the value of his claims. Otherwise, plaintiffs skilled in this form of artful pleading could, with

this trick, simply make federal jurisdiction disappear. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1064 (11th Cir. 2010).

26. As the Eleventh Circuit has instructed, "[w]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claims is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Id.*

27. On or around March 21, 2016, Plaintiff's counsel sent a letter of representation to Defendant, requesting insurance information and preservation of evidence in accordance with Florida law. A copy of this letter is attached hereto as Exhibit D.

28. On or around April 4, 2016, Sedgwick Claims Management Services, Inc. ("Sedgwick CMS")—the third party administrator for Defendant—responded to this representation letter, asking Plaintiff's counsel to provide additional information about the nature and extent of the injuries sustained by Plaintiff, as well as documentation showing all medical expenses incurred by Plaintiff as a result of the alleged incident on March 4, 2016. A copy of the inquiry letter sent by Sedgwick CMS is attached hereto as Exhibit E.

29. Plaintiff's counsel did not respond to this inquiry letter.

30. On or around April 4, 2016, under separate cover, Sedgwick CMS provided Plaintiff's counsel with the requested insurance information, documenting an applicable limit of coverage pursuant to Dollar Tree Stores' self-insured retention policy of one million Dollars ($1,000,000.00) per person, well above the $75,000 diversity jurisdiction threshold.

A copy of the insurance information letter sent by Sedgwick CMS is attached hereto as Exhibit F.

31. Plaintiff's counsel did not respond to this insurance information letter.

32. Since April 4, 2016, Defendant has repeatedly attempted to obtain information from Plaintiff's counsel concerning Plaintiff's alleged injuries, and has repeatedly invited discussion of Plaintiff's claims.

33. Since April 4, 2016, Plaintiff's counsel has deliberately avoided engaging in any discussion of Plaintiff's claims, and has strategically chosen not to provide Defendant with any information at all concerning Plaintiff's alleged injuries.

34. With respect to this personal injury claim, Plaintiff alleges in his Complaint that his injuries are permanent or continuing in nature, have caused him to incur medical expenses, have caused him physical and mental pain, have resulted in lost wages as well as a loss of the ability to work, and have deprived him of the ability to enjoy life and lead a normal life. He also states that he will suffer all of these losses in the future. [Comp. ¶ 10].

35. Plaintiff's allegations of damages and the insurance limits at issue in this matter constitute evidence that the amount in controversy in this action more likely than not exceeds the $75,000 jurisdictional threshold. *See Hogg v. Rust Industrial Cleaning Services, Inc.*, 896 F. Supp. 655 (E.D. Tex. 1995) (emphasizing that expansive, broad allegations as to the scope of damages constitute evidence that the amount in controversy could exceed the jurisdictional minimum).

36. Accordingly, a fair reading of the Complaint, in conjunction with the experience of the undersigned law firm in these types of claims, the magnitude of

corresponding damages awards in state and federal courts in this District, and the insurance limits at issue in this matter, reasonably indicate that the amount of controversy in this action, exclusive of interest and costs, more likely than not exceeds the sum of $75,000. *See Lee v. Atamil Corp.*, 457 F. Supp. 979 (M.D. Fla. 1978) (where a plaintiff alleged serious permanent injury, substantial medical expenses and great pain and suffering, a fair reading of the complaint would place the defendant on notice that the amount of damages sought likely exceeded the diversity jurisdiction threshold amount).

37. Based on the permanency or continuing nature of Plaintiff's injuries, and the physical pain, mental anguish, wage loss, and loss of enjoyment of life which Plaintiff claims have resulted from these injuries, viewed in conjunction with the strategic decision of Plaintiff's counsel to provide no information whatsoever to Defendant concerning Plaintiff's alleged injuries after learning of the insurance limits at issue in this matter, Defendant has met its burden in establishing that more likely than not, the amount in controversy in this action exceeds $75,000.

38. For all of the foregoing reasons, removal of this action is appropriate.

## CONCLUSION

Removal is proper, because the above-styled action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Defendant has met its burden in establishing, by a preponderance of the evidence, that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Moreover, venue is proper in the United State District Court for the Middle District of Florida, because Plaintiff filed his original Complaint in the Florida Circuit Court in and for Manatee County, Florida. Finally,

Dollar Tree Stores, Inc. has timely filed this Notice and has otherwise met all procedural requirements for removal. For all of the foregoing reasons, Dollar Tree Stores, Inc. respectfully requests that this Court accept jurisdiction over the above-styled action under 28 U.S.C. § 1332, and conduct all further proceedings in this case.

Dated this 6th Day of October, 2016.

Respectfully submitted,

s/ Elisabeth A Fontugne
DANIEL A. SHAPIRO
Florida Bar No.: 965960
ELISABETH A FONTUGNE
Florida Bar No.: 115954
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9382
Facsimile (813) 286-2900
Primary e-mail: rhonda.beesing@csklegal.com
Secondary e-mail:elisabeth.fontugne@csklegal.com
Alternate e-mail:  laura.campbell@csklegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2016, I filed a true and correct copy of the foregoing document with the Clerk of Court. I also certify that a true and accurate copy of the foregoing document has been furnished via e-mail to Robert Santa Lucia, Esq., of Morgan & Morgan, P.A., Counsel of record for Plaintiff, 2222 South Tamiami Trail, Sarasota, FL 34239, (941) 366-1790 (T) /(941) 366-6063 (F), at RSLPleadings@forthepeople.com

             COLE, SCOTT & KISSANE, P.A.
             *Counsel for Defendant*
             4301 West Boy Scout Boulevard
             Suite 400
             Tampa, Florida 33607
             Telephone (813) 864-9382
             Facsimile (813) 286-2900
             Primary e-mail: rhonda.beesing@csklegal.com
             Secondary e-mail: elisabeth.fontugne@csklegal.com
             Alternate e-mail:  laura.campbell@csklegal.com

      By:   s/ Elisabeth A Fontugne
          DANIEL A. SHAPIRO
          Florida Bar No.:  965960
          ELISABETH A FONTUGNE
          Florida Bar No.:  115954